

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-5-2007

# Romero-Fereyros v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3925

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Romero-Fereyros v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1351.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1351

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3925

_____

MARIO ALADINO ROMERO-FEREYROS,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

_____

Petition for Review
Pursuant to 8 U.S.C. § 1252(a)(2)(D)
of a Final Administrative Removal Order
of the United States Department of Homeland Security
U.S. Immigration and Customs Enforcement
(Agency No.  A28-424-922)

_____

Argued January 18, 2007

Before:  SLOVITER, RENDELL and CUDAHY*, Circuit Judges.

(Filed April 5, 2007 )

_____

_____

*  Honorable Richard D. Cudahy, Senior Judge of the United States Court of Appeals
   for the Seventh Circuit, sitting by designation.

Matthew L. Guadagno    **[ARGUED]**
Bretz & Coven
305 Broadway, Suite 100
New York, NY   10007

*Counsel for Petitioner*
*Mario Aladino Romero-Fereyros*


Jonathan Potter    **[ARGUED]**
U.S. Department of Justice
Office of Immigration Litigation
P. O. Box 878
Ben Franklin Station
Washington, DC  20044

*Counsel for Respondent*
*Attorney General of the United States*


OPINION OF THE COURT
_____


RENDELL, <u>Circuit Judge</u>.

Mario Aladino Romero-Fereyros petitions for review of the Final Administrative Removal Order entered against him by the Department of Homeland Security following expedited removal proceedings conducted under Immigration and Nationality Act § 238(b), 8 U.S.C. § 1228(b).  Although Romero-Fereyros presents a credible claim that the Department coerced him into conceding deportability in violation of his Due Process

rights, he has nevertheless failed to show that he suffered any prejudice as a result of those alleged violations.  Therefore, we will deny Romero-Fereyros's petition for review.

## I.  Factual and Procedural History

Mario Aladino Romero-Fereyros is a native of Peru who entered this country pursuant to a B-2 "visitor for pleasure" visa in February of 1989.  Romero-Fereyros overstayed his visa and has remained in the country illegally for the past 18 years.  On November 20, 1992, Romero-Fereyros was convicted in New York of attempted robbery in the first degree, a crime carrying a sentence of no less than 18, but no greater than 54, months.[1]  Although Romero-Fereyros was sentenced and incarcerated, the record does not indicate the amount of time he actually served.  On September 9, 1993 the then-Immigration and Naturalization Service ("INS") issued an Order to Show Cause as to why Romero-Fereyros should not be deported, but was unable to locate Romero-Fereyros or, consequently, to serve him with the Order.[2]  The INS did not file the Order with an Immigration Judge ("IJ") and therefore did not commence removal proceedings.

---

[1]Although both parties acknowledge that Romero-Fereyros has been convicted of additional crimes, the 1992 robbery conviction was the only one relied upon by the agency during removal proceedings and, therefore, the only one relevant to this case.

[2]The Government argues that "when the Immigration and Naturalization Service sought to serve Romero-Fereyros with the notice and order, they were advised that Romero-Fereyros had absconded and could not be located.  Subsequent investigation failed to reveal Romero-Fereyros's whereabouts."  The Government does not indicate who "advised" it that Romero-Fereyros had "absconded."  In fact, given the timing of Romero-Fereyros's conviction and the sentencing range under New York law, the record suggests that Romero-Fereyros may have been incarcerated at the time the Government attempted to serve the Order.

On June 29, 1997 Romero-Fereyros married a United States citizen. On June 17, 1998 Romero-Fereyros filed an Application to Register Permanent Residence or Adjust Status based on this marital relationship, pursuant to Immigration and Nationality Act ("INA") § 245(a), 8 U.S.C. § 1255(a). On January 20, 2004, Romero-Fereyros filed an Application for a Waiver of Ground of Excludability pursuant to INA § 212(h), 8 U.S.C. § 1182(h), in an attempt to remedy the negative impact of his multiple convictions on his § 245 application to adjust status.[3]

Customs and Immigration Services ("CIS") scheduled Romero-Fereyros for a July 27, 2005 interview to discuss his § 245 and § 212 applications. Although the events of this day are unclear, they form the basis of the dispute before us, and are recorded in affidavits filed by Romero-Fereyros's then-lawyer, Joan Pinnock, and his wife, who was also present for some of the events at issue. Romero-Fereyros alleges that, when he appeared for his interview, he informed CIS that Pinnock was parking her car and would be arriving shortly. However, because she had still not yet arrived by the time Romero-Fereyros's case was called, the CIS officer on duty informed him that he would lose his turn if he did not begin the interview immediately. Romero-Fereyros agreed to proceed and was apparently told that Pinnock could join him once she arrived. However, when he

---

[3]Various criminal convictions pose significant, though sometimes surmountable, barriers to aliens seeking lawful status. In this case, Romero-Fereyros's convictions rendered him ineligible for adjustment of status under § 245 and, therefore, would not have allowed him to adjust his status without a waiver under § 212(h).

entered the interview room, the interviewing officer informed Romero-Fereyros that he would have to sign a waiver of his right to counsel in order to begin but, again, that Pinnock could represent him when she appeared. Romero-Fereyros signed the waiver and, during the interview, admitted both to his multiple criminal convictions as well as to having been a habitual user of crack cocaine from 1989 to 1994.[4] Romero-Fereyros signed a statement to this effect, which Pinnock, who arrived at some point during the interview, witnessed.

After the interview, Romero-Fereyros alleges that authorities from Immigration and Customs Enforcement ("ICE") entered the room and asked him to hand over his personal belongings, including his eyeglasses, to Pinnock. ICE subsequently handcuffed Romero-Fereyros and led him into another room, where he was personally served with a Notice of Intent to Issue a Final Administrative Removal Order, marking the beginning of "expedited removal" proceedings under INA § 238(b), 8 U.S.C. § 1228(b). The Notice charged Romero-Fereyros as deportable as an alien who had committed an "aggravated felony" under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), on the grounds of his 1992 robbery conviction.[5]

---

[4]There is no transcript of the interview or, for that matter, of any of the events taking place on July 27, 2005.

[5]Romero-Fereyros does not dispute that the 1992 conviction constitutes such an "aggravated felony" for purposes of §§ 237 and 238.

Although Romero-Fereyros did not sign the portion of the Notice acknowledging receipt of the document, he did check a box corresponding to the following language:

> I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charges and my right to file a petition for review of the Final Removal Order. I do not wish to request withholding or deferral of removal. I wish to be removed to [Peru]."

In checking this box, Romero-Fereyros waived all of the procedural rights statutorily afforded by § 238(b)(4) to aliens placed in expedited removal proceedings.[6] After he admitted to the charge of removability under § 238, immigration authorities served Romero-Fereyros with a number of other documents, although it is unknown in what order he received them. First, Romero-Fereyros received a Notice of Custody Determination stating that, pursuant to INA § 236, he would be detained until such time as he was taken into custody for removal. Second, Romero-Fereyros received a Notice of Denial, rejecting his application to adjust his status under § 245(a) and his § 212(h) petition – the initial matters for which he attended the July 27, 2005 interview. The Notice stated that Romero-Fereyros's admitted use of crack cocaine constituted a ground of inadmissibility under § 212(a)(2)(A)(i)(II) that could not be remedied by a § 212(h)

---

[6]Under § 238(b)(4), an alien in expedited removal proceedings has the right to "reasonable notice of the charges," to "be represented (at no cost to the government) by such counsel . . . as the alien shall choose," and "a reasonable opportunity to inspect the evidence and rebut the charges" against him. Additionally, under § 238(b)(4)(F), an alien has the right to have the final order of removal adjudicated by someone other than the agent who issued the charges.

waiver and that, consequently, he was statutorily ineligible for adjustment of status under § 245. However, in reaching this conclusion, the Notice did not rely upon Romero-Fereyros's 1992 robbery conviction or upon any of the provisions of § 238.[7] Additionally, the Notice stated that, even if CIS had not relied upon Romero-Fereyros's admitted use of crack cocaine, it would have exercised its discretion to deny Romero-Fereyros's application. Finally, although it is unclear if it was personally served on Romero-Fereyros, the CIS District Director issued an Acknowledgment of Withdrawal, acknowledging Romero-Fereyros's withdrawal of his § 212(h) waiver application.[8]

On the following day, July 28, 2005, the Department of Homeland Security ("DHS") prepared a Final Administrative Removal Order, finding Romero-Fereyros "deportable as charged." Romero-Fereyros was served with the Order on August 2, 2005. In a bond hearing on August 11, 2005, an IJ found that she lacked jurisdiction to consider Romero-Fereyros's custody status because he was subject to a final administrative order issued under § 238(b). Romero-Fereyros timely filed a Petition for Review with this Court, challenging the Final Order of Removal, on August 19, 2005.

---

[7]For instance, § 238(b)(5) states that no alien "described in [§ 238(b)] shall be eligible for any relief from removal that the Attorney General may grant in the Attorney General's discretion." Although this language would presumably encompass relief under §§ 245 and 212, we note, again, that CIS did not rely on this provision in rejecting Romero-Fereyros's applications.

[8]According to this document, Romero-Fereyros apparently, through legal counsel, requested a withdrawal of his § 212(h) petition at some point on July 27, 2005. No document in the record reflects this request, nor is any mention of either the request or the acknowledgment made in Romero-Fereyros's brief or in Pinnock's affidavit.

Romero-Fereyros's deportation was impending until we stayed his removal on September 7, 2005 and October 27, 2005. On December 27, 2005, ICE issued a decision denying Romero-Fereyros's request for release from custody pending the outcome of his Petition for Review before this court, concluding that he was a "flight-risk." Romero-Fereyros has remained in a detention facility in York, Pennsylvania, since the events of July 27, 2005.

Romero-Fereyros now challenges the Final Administrative Removal Order entered against him, arguing, first, that the INA's statutory scheme does not permit DHS to subject him to the § 238 expedited removal process and, second, that his waiver of his statutory rights under § 238(b)(4) was coerced and unknowing, such that he was denied his Due Process rights under the Constitution. Because his petition involves both "questions of law" and "constitutional claims," we have jurisdiction to hear Romero-Fereyros's appeal under INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).

## II. Discussion

Romero-Fereyros argues that, because he was eligible for relief under §§ 245 and 212, DHS did not have the authority under the INA to place him in § 238 expedited removal proceedings. In making this argument, however, Romero-Fereyros ignores the fact that he has never contested his status as an aggravated felon and, thus, his deportability. Accordingly, this argument must fail, for, given his deportability, the agency clearly had the discretion to initiate expedited proceedings against him. *See, e.g.,*

8

*Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 476-87 (1999) (holding that INA § 242(g), 8 U.S.C. § 1252(g), strips federal courts of jurisdiction to review the decision of the Attorney General to "commence proceedings" under the INA). With respect to his challenge to the alleged coercion and forced waiver, we acknowledge the seriousness of the Due Process challenge Romero-Fereyros levels to the lack of a knowing or voluntary waiver on which the order of removal was based. Romero-Fereyros alleges that, upon being taken into custody by ICE and served with the Notice of Intent, he was denied access to his attorney, deprived of his eyeglasses so that he could not read the Notice and pressured into waiving his § 238(b)(4) procedural rights by ICE authorities. These allegations are serious. They are most certainly of a type that, if established, would support a finding that DHS violated Romero-Fereyros's Due Process rights and would lead us to overturn DHS's removal order.

However, to "prevail on a procedural due process challenge . . . an alien must make an initial showing of substantial prejudice." *Bonhometre v. Gonzales*, 414 F.3d 442, 448 (3d Cir. 2005); *see also Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 302 (5th Cir. 2002) (holding that although the "Fifth Amendment guarantees aliens due process of law in deportation hearings . . . to succeed on a collateral attack of a deportation order on due process grounds, an alien must first demonstrate that he has suffered actual prejudice"). Therefore, in order to prevail here, Romero-Fereyros must show that the violations he allegedly suffered led to a substantially different outcome from that which would have

9

occurred in the absence of such violations. In other words, the burden is on Romero-Fereyros to show that some form of relief would have been available to him had he not waived his § 238(b)(4) rights. Unfortunately, Romero-Fereyros cannot make such a showing.

Romero-Fereyros conceded at oral argument that he is an "aggravated felon" within the contemplation of § 238(b) and that, in proceedings under that section, he would have no grounds upon which to challenge the charges against him and, therefore, no grounds upon which to challenge his eventual deportation. However, as noted above, Romero-Fereyros falls back on his argument that DHS should not have commenced § 238 proceedings against him in the first place because he was eligible for relief under §§ 245 and 212. Although Romero-Fereyros argues that pending applications for adjustment of status under § 245 may not be terminated because of the commencement of other types of removal proceedings, *see, e.g., Perez-Gonzalez v. Ashcroft*, 379 F.3d 783 (9th Cir. 2004), such a principle is not at issue here for the simple reason that DHS did not reject Romero-Fereyros's § 245 and § 212 applications *because* it initiated § 238(b) proceedings. Instead, the record before us reveals that DHS rejected these applications due to Romero-Fereyros's admitted use of crack cocaine. Additionally, in its Notice of Denial, DHS made clear that it would have exercised its discretion to deny Romero-Fereyros's application even in the absence of his admission to having used crack cocaine.

Romero-Fereyros has no real basis on which to challenge DHS's commencement of expedited removal proceedings. Thus, he is left in the untenable position of arguing that his § 245 and § 212 applications were wrongly denied. However, applications for relief under § 212(h), on which Romero-Fereyros's § 245 application necessarily rested, fall under the sole and exclusive discretion of the agency, the exercise of which is both final and nonreviewable. *See* INA § 212(h), 8 U.S.C. § 1182(h) ("No court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver under this subsection."); *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 178 (3d Cir. 2003) (holding that INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i), strips federal courts of jurisdiction to review the denial of certain types of discretionary relief, including relief under § 212(h)). DHS explicitly invoked this discretion in denying Romero-Fereyros's application. Therefore, Romero-Fereyros is foreclosed from arguing that his applications were wrongly denied.

For these reasons, we conclude that even if Romero-Fereyros had not waived his rights and had been afforded all of the processes available to him under § 238(b)(4), the outcome would have been no different: a final order of removal would have inevitably been entered against him. Therefore, Romero-Fereyros is unable to show prejudice and cannot succeed on his Due Process claims.

**III. Conclusion**

For these reasons, we will DENY the Petition for Review.

11